CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2017 SEP 29 PM 1:01
DEPUTY CLERK _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JUAN ELI SVENNINGSEN, | § | |
| Petitioner, | § | |
| v. | § | 2:16-CV-0044 |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DISMISS
## MOTION UNDER 28 U.S.C. § 2255 TO CORRECT SENTENCE

Came for consideration the above-entitled motion filed by defendant JUAN ELI SVENNINGSEN. By his motion, petitioner challenges his 188-month sentence arguing such sentence is unconstitutional in light of *Johnson v. United States*, 576 U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). For the reasons set forth below, defendant's motion is time-barred and should be DISMISSED.

I.
PROCEDURAL HISTORY

On July 5, 2012, defendant pled guilty to a charge of conspiracy to commit the felony offense of distribution and possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). The presentence report (PSR) recommended that defendant's sentence be enhanced under Chapter 4 of the United States Sentencing Guidelines (USSG) due to two prior felony convictions, *viz.*, 1993 and 1999 convictions for burglary of a habitation which are considered crimes of violence under USSG §4B1.1(a)(2). The PSR stated the defendant was a "career offender" pursuant to USSG § 4B1.1(a) and should be sentenced as such.

On November 5, 2012, the United States District Judge accepted the PSR recommendation, found defendant to be a career offender, and entered judgment sentencing defendant to a term of 188 months imprisonment. Defendant appealed to the Fifth Circuit who dismissed the appeal on August 22, 2013. The judgment became final on November 20, 2013 upon the expiration of time to seek further review. Defendant had until November 21, 2014 to file his Section 2255 motion. He did not do so until March 1, 2016, over one (1) year after his conviction became final and his motion is untimely and should be dismissed.

## II.
## DEFENDANT'S ALLEGATION

To the extent defendant argues that under *Johnson v. United States*, 576 U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) his limitations period should be extended and that he is entitled to relief, his claim is without merit.[1]

The government responded to defendant's claim arguing defendant was not sentenced under the residual clause of the ACCA but instead, and as set out above, the defendant was sentenced as a career offender under the USSG. (CR Dkt. 156 at 21). Defendant's reliance on *Johnson* is misplaced. *See In re Arnick*, 826 F.3d 787, 788 (5th Cir. June 17, 2016). It is the opinion of the undersigned that respondent is correct and that *Johnson* is not applicable to defendant's case.

Defendant's challenge is a challenge to the USSG guidelines applied to his case at sentencing. The Supreme Court has found, in analyzing *Johnson* challenges, the USSG guidelines "are not amenable to a vagueness challenge" under *Johnson*, despite a similarity in the language used in the "residual clauses" of the USSG guidelines and the ACCA. *See Beckles v. United States*,

---

[1] The Supreme Court has since held that the holding of *Johnson* is retroactive on collateral review in Armed Career Criminal Act (ACCA) cases. *See Welch v. United States*, No. 15-6418, 2016 WL 1551144 (U.S. Apr. 18, 2016).

_____ U.S. _____, 137 S.Ct. 886, 894, 197 L.Ed.2d 145 (2017). This is because the guidelines, and their applications to a defendant's sentence by a District Judge, are discretionary, not mandatory. *Id.* Therefore, even if defendant's claim was not time barred, it would not be cognizable under § 2255.

## III.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by defendant JUAN ELI SVENNINGSEN be, in all things, DISMISSED.

## IV.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file marked copy of this Report and Recommendation to defendant and to each attorney of record by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 29th day of September 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).